UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNA MONTALVO, *et al*, | } | |
| | } | |
| Plaintiffs, | } | |
| VS. | } | CIVIL ACTION NO. H-08-1085 |
| | } | |
| BEKINS MOVING SOLUTIONS, INC.; dba | } | |
| BEKINS MOVING AND STORAGE, | } | |
| | } | |
| Defendant. | } | |

**<u>OPINION & ORDER</u>**

Pending before the Court are Defendant Bekins Moving Solutions, Inc. ("Bekins Moving") Motion for Partial Summary Judgment (Doc. 25), and the response and reply thereto. For the reasons explained below, the Court GRANTS Defendant's Motion.

**I.      Background & Relevant Facts.**

This case concerns the loss and damage of household goods in interstate shipment.   On April 14, 2006, Anna and Teudy Montalvo ("the Montalvos") executed an interstate Order for Service for transportation of their household goods from Shelton, Connecticut to Fresno, Texas.   Doc. 25 Exh. 1.   The Order for Service gave the Montalvos options for insuring their goods against damage in transit and the Montalvos selected the most economic option limiting recovery to $0.60 per pound.   *Id*.

The entire shipment of the Montalvos' household goods was estimated as weighing 20,000 pounds.   Doc. Doc. 26 Exh. 4.   During the shipment, a portion of the household goods were either lost or damaged.   The Montalvos filled out a form called an Inventory "Bingo" Sheet.   Doc. 26 Exh. 8.   On the Inventory "Bingo" Sheet was a list of numbers, with each number associated with a shipped item.   *Id*.   The person filling out the form was meant to circle

missing items and describe any damages on the "Notes" section.  *Id*.  The Montalvos identified

over a hundred items as missing, and filled the Notes section with description of damage done to

other items.  *Id*.  The Inventory "Bingo" Sheet did not contain any space to fill out a demand for

any reimbursement for lost items nor did the Montalvos make any such demand on the form.  *Id*.

On August 2, 2006, counsel for the Montalvos wrote a letter to Bekins Moving

making a claim for damaged items listing each item and the amount sought for each item from

Bekins Moving.  Doc. 25 Exh. 2 at 1-2.  In all, twelve household items were listed.  *Id*.

Via affidavit, Teresa Brown ("Brown"), Bekins Moving's Director of Claims and

Litigation testified.  Doc. 25 Exh. 4 at 1.  Brown had over ten years experience with Claims,

Customer Service and Risk Management.  *Id*.  Her testimony was that it was impracticable to

weigh each item in a shipment.  *Id*.  Instead it was standard in the household moving industry to

rely on *American Moving and Storage Association Joint Military/ Industry Table of Weights and*

*Depreciation Guide* ("the Guide") to provide the estimated weights for each household item.  *Id*.

According to the Guide, the total weight of the twelve household items the Montalvos had

requested reimbursement for amounted to 1269 pounds.  At $0.60 cents per pound of recovery

for lost or damaged items, this came to a limited recovery for the Montalvos of $761.40.

## II.        Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the

motion and identify those portions of the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, that show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).   The substantive law

governing the suit identifies the essential elements of the claims at issue and therefore indicates

which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor.  *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323-24.   The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).  Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor.  *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).   To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial."  W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998).

Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita*, 475 U.S. at 587-88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988). The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible,

though it may not be in admissible form.  *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1988).

**II.**     **Analysis.**

Under the Carmack Amendment, an interstate carrier may limit its liability for loss or damage to shipped goods.  *Rohner Gehrig Co. v. Tri-State Motor Transit*, 950 F.2d 1079, 1081 (5th Cir. 1992) (en banc).  Both parties agree that liability is limited to $0.60 cents per pound.  Defendant Bekins Moving seeks a judgment that the Montalvos are limited to a recovery of $761.40  based on the household items for which they made a claim of recovery and the estimated weights of those items provided by the Guide.  The Montalvos counter by arguing that genuine issues of material fact remain as to the exact weight of the items lost or damaged, and that the only fair approximation is the weight of the entire shipment (20,000 pounds) because so many items were lost or damaged.  The Montalvos also argue that Bekins Moving agreed orally that the $0.60 cent per pound limitation would not apply per article damaged or lost but would be for the weight of the entire shipment.

**a.**     **Evidentiary Objections.**

The Montalvos object to Brown's affidavit as hearsay.  Brown's testimony as to the industry practices with regards to weighing items according to the Guide is not hearsay.  To the extent she implicitly relies on out-of-court statements by those other than the declarant in coming to her conclusions, such statements are admissible under Fed. R. Evid. 703.  As Brown has worked for ten years with claims such as this one, she is a qualified expert on the topic and the facts underlying her conclusions need not themselves be admissible.

The Montalvos object to admission of the Guide as hearsay.  The Guide is admissible under the hearsay exception for commercial publications "generally used and relied upon by the public or persons in particular occupations."  Fed. R. Evid. 803(17).

The Montalvos seek to admit evidence that Bekins Moving offered them a different valuation of their loss in offers of settlement.    All such communications are inadmissible under Fed. R. Evid. 408.

### b.    Parol Evidence.

Both the Montalvos testified that Mr. Younger, the person hired by Bekins Moving to load the shipment, informed them that the limitation on liability meant that their load was insured for a total of $12,000.  Such a calculation rested on the premise that since the total load was 20,000 pounds, and the limitation on liability was $0.60 cents per pound, the Montalvos would be entitled to a total reimbursement of $12,000.  Thus, according to the Montalvos, Bekins Moving represented to them that the $0.60 cent per pound limitation would not be applied per article lost or damaged but would be a ceiling on total recovery.

"As a general rule, a shipper is conclusively bound by tariff rules of a carrier and parol evidence cannot be received to vary the terms thereof."  *Thomas v. Trans World Airlines, Inc.*, 457 F.2d 1053, 1056 (3d Cir. N.J. 1972).  If the contract's meaning is uncertain and doubtful, or it is reasonably susceptible to more than one meaning, it is ambiguous. *Coker v. Coker*, 650 S.W.2d 391, 393-94, (Tex. 1983). Courts interpreting unambiguous contracts are confined to the four corners of the document, and cannot look to extrinsic evidence to create an ambiguity. *Sun Oil Co. v. Madeley*, 626 S.W.2d 726, (Tex. 1982).  "Only after a contract is found to be ambiguous may parol evidence be admitted for the purpose of ascertaining the true intentions of the parties expressed in the contract." *Burlington Northern and Santa Fe Ry. Co. v.*

*South Plains Switching, Ltd. Co.*, 174 S.W.3d 348, 358 (Tex. App.--Fort Worth 2005, no pet.); *see also*, *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 283, 39 Tex. Sup. Ct. J. 874 (Tex. 1996).

In this case, the contract is unambiguous.  The Order for Service on which the Montalvos selected liability limitation to $0.60 cents per pound states "per pound per article."  It goes on to explain specifically that liability will be calculated per the weight of items lost or damaged.  Thus, as the Montalvos' suggested interpretation of the contract is ruled out by the express terms of the contract, the parol evidence of what the Bekins Moving representative may or may not have explained to them concerning the contract is inadmissible.  The Court finds the Montalvos' interpretation of the contract without merit.

      **c.**       **Filing a Claim.**

The Montalvos argue that, as the Inventory "Bingo" Sheet indicates over a hundred lost items, and they personally testified that most of their goods were lost or damaged, a more accurate estimation of their loss would be the 20,000 pounds estimation for the weight of their entire shipment.  Carrier liability, however, under the Carmack Amendment is limited to claims for reimbursement made in compliance with 49 CFR 370.3, which states, in relevant part:

  (b) Minimum filing requirements. A written or electronic communication (when agreed to by the carrier and shipper or receiver involved) from a claimant, filed with a proper carrier within the time limits specified in the bill of lading or contract of carriage or transportation and:

(1) Containing facts sufficient to identify the baggage or shipment (or shipments) of property,

(2) Asserting liability for alleged loss, damage, injury, or delay, and

(3) Making claim for the payment of a specified or determinable amount of money, shall be considered as sufficient compliance with the provisions for filing claims embraced in the bill of lading or other contract of carriage; Provided,

however, That where claims are electronically handled, procedures are established
to ensure reasonable carrier access to supporting documents.

The Fifth Circuit has strictly construed the requirements for shippers filing claims against carriers under the Code of Federal Regulations. *Salzstein v. Bekins Van Lines, Inc.*, 993 F.2d 1187, 1190 (5th Cir. 1993). For example, in *Salztein*, the Fifth Circuit held that where the claim did not make a demand for a certain sum of money it failed to meet the requirements of the Federal Regulations and did not make out a valid claim for liability from the carrier. *Id.* Here, too, the Montalvos' claim damage to the entire shipment fails because the Montalvos never made such a claim to the carrier. For example, the Inventory "Bingo" Sheet is only a check-off list and does not make a demand for any specific amount of monetary reimbursement that would allow for the start of negotiations between Bekins Moving and the Montalvos. Similarly, the Montalvos' affidavits are not proof of the extent of their loss because there is no evidence they presented claims of such loss. This evidence must be disregarded. The only claim made was that by the Montalvos' counsel in the August 2, 2006 letter to Bekins Moving, which only identified twelve household items as being damaged or lost and demanded specific sums for each.

> **d.**     **The Guide.**

The Montalvos argue that as so many of their items were damaged the estimated load for the entire shipment should be used to calculate their loss. As discussed above, however, their claims for loss on most of their items were not filed and are disregarded.

Further, the Montalvos claim that the United States Surface Transportation Board ("STB") has adopted its own set of weight estimates, looking to 49 CFR 375.201, which would rule out using the Guide. That provision, however, only provides the "released rates" of liability by the STB, and does not speak directly to the weighing of household items.

The Montalvos also look to 49 USC 14104 which states "[t]he Secretary shall issue regulations that provide motor carriers providing transportation of household goods . . . with the maximum possible flexibility in weighing shipments, consistent with assurance to the shipper of accurate weighing practices."  The Montalvos argue, based on § 14104(c), that the Guide, since it provides only an estimate, conflicts with federal law because it does not give sufficient assurance of accurate weighing practices.  Section 14104, however, does not conflict with use of the Guide as the Guide provides as accurate a weighing mechanism as possible considering that it was not industry practice to weigh items individually.  Section 14104 itself allows carriers to estimate the entire load for shipment and not weigh individual items, which is consistent with the course of action taken by Bekins Moving in this case.  Notably, § 14104 provides for "maximum flexibility" for the carrier in determining how to weigh household goods, as well as accurate weighing.  Furthermore, § 14104 deals with the pricing of shipments, not with liability for damages and, thus, its bearing on the issue before the Court is limited.

## IV.    <u>Conclusion.</u>

In conclusion, the Court finds the expert affidavit testimony of Brown persuasive as to the fact that it is standard industry practice to rely on the Guide for weighing lost or damaged items.  Furthermore, the Court finds that the contract between the carrier and shipper unambiguously provided for liability to be limited to $0.60 cents per pound per article lost or damaged, rather than $0.60 cents per pound per the entire shipment.  Additionally, the Court finds that the Montalvos' claims that most or almost all their shipment was damaged or lost must be disregarded because they failed to meet the requirements for properly filing a demand for reimbursement for all but twelve items from Bekins Moving.  Consequently, the Court grants Bekins Moving's partial summary judgment and finds that the Montalvos' damages are limited

to the twelve household items' weight as estimated by the Guide multiplied by the $0.60 cent per pound limitation on liability, which comes to $761.40.

Accordingly, it is hereby ORDERED that Bekins Moving's Partial Motion for Summary Judgment (Doc. 25) is GRANTED.

SIGNED at Houston, Texas, this 8th day of May, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE